FILED

2019 DEC 11  PM 2:53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2019 Grand Jury

LACR 19-00756-CAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>              v.<br><br>LAMAR NOLAN RYAN,<br>ANTHONY WEBBER SYLVIA,<br>  aka "Anthony Webber Sylvia<br>        Benning," and<br>JAHMAL THEODIS WINSTON,<br><br>                    Defendants. | Case No.<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1344(2): Bank Fraud;<br>18 U.S.C. § 1028A(a)(1):<br>Aggravated Identity Theft;<br>18 U.S.C. §§ 982, 1028 and<br>28 U.S.C. § 2461(c): Criminal<br>Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH SEVENTEEN

[18 U.S.C. §§ 1344(2), 2(a)]

A.    INTRODUCTORY ALLEGATIONS

1.    At times relevant to this Indictment:

a.    Bank of America was a federally-insured financial institution.

1

b.    Bank of America maintained and operated Automated Teller Machines ("ATMs") at bank branches throughout Southern California and elsewhere for the benefit of its accountholders and other customers.  Due to a unique programming feature of Bank of America's ATMs, which the bank has since corrected, once a customer finished their intended transaction, the ATM would briefly display a screen asking if the customer wanted to conduct another transaction. If the customer answered "yes," the ATM would allow the customer to conduct a new transaction, including cash withdrawals, simply by re-entering the customer's Personal Identification Number ("PIN"), without having to reinsert the customer's ATM card.  If, however, the customer walked away from the ATM without hitting the button that confirmed no additional transactions were desired, the screen permitting additional transactions would remain displayed for approximately five seconds, thus enabling an unauthorized user to make fraudulent cash withdrawals simply by re-entering the customer's misappropriated PIN.

B.    THE FRAUDULENT SCHEME

2.    Beginning on or about July 6, 2015 and continuing to on or about April 10, 2016, in Orange and Los Angeles Counties, within the Central District of California, and elsewhere, defendants LAMAR NOLAN RYAN, ANTHONY WEBBER SYLVIA, also known as "Anthony Webber Sylvia Benning," and JAHMAL THEODIS WINSTON, together with others, aiding and abetting each other, knowingly and with intent to defraud, executed and attempted to execute a scheme to obtain moneys and funds owned by and in the custody and control of Bank of America by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

3.    The fraudulent scheme, which is commonly referred to as "shoulder surfing," operated in the following manner:

a.    With knowledge of the unsecure feature described above in Paragraph 1(b), defendants RYAN, SYLVIA, and WINSTON would loiter around Bank of America ATMs at various bank branches throughout Southern California. While loitering in front of the ATMs, defendants RYAN, SYLVIA, and WINSTON would secretly watch as bank customers conducted various banking transactions at the ATMs using ATM cards that had been issued to them by Bank of America. Defendants' purpose was to observe as the bank customers entered the unique PIN that they must use, initially in conjunction with their ATM cards, to gain access to their accounts through a Bank of America ATM.

b.    After capturing the ATM PIN of an unwitting bank customer, defendants RYAN, SYLVIA, and WINSTON would then wait for the customer to complete their transaction and walk away from the ATM. If the customer failed to hit the button that completely terminated all ATM transactions on the customer's account, defendants RYAN, SYLVIA, and WINSTON would access the victim-customer's bank account, without authorization, by immediately going to the ATM and hitting the button that requested another transaction. By re-entering the customer's PIN, defendants RYAN, SYLVIA, and WINSTON would thus falsely pretend and represent themselves to be the actual bank customer who was entitled to withdraw money from the bank account associated with the customer's ATM card and PIN. These false pretenses and representations were material to Bank of America. After fraudulently gaining access to the customer's account, defendants RYAN, SYLVIA, and WINSTON would then execute, and attempt

3

to execute, multiple fraudulent and unauthorized withdrawals of cash from the customer's Bank of America account.

        c.    By the above-described actions, defendants RYAN, SYLVIA, and WINSTON made fraudulent and unauthorized cash withdrawals from at least 284 separate customer accounts and thereby stole from Bank of America approximately $155,540 to which they were not entitled.

C.    <u>EXECUTION OF THE FRAUDULENT SCHEME</u>

        4.    On or about the dates specified below, in Orange and Los Angeles Counties, within the Central District of California, defendants RYAN, SYLVIA, and WINSTON, by themselves or together with an accomplice, committed and aided and abetted the commission of the following acts, each of which constituted an execution and attempted execution of the fraudulent scheme to defraud Bank of America:

| COUNT | DATE | DEFENDANTS | ACT |
|---|---|---|---|
| ONE | 8/08/2015 | SYLVIA | $300 unauthorized cash withdrawal from the account of Bank of America customer D.L.B. via a Bank of America ATM located at 1450 W. Redondo Beach Boulevard, Gardena, CA. |
| TWO | 8/12/2015 | SYLVIA | $100 unauthorized cash withdrawal from the account of Bank of America customer P.H. via a Bank of America ATM located at 7060 Sepulveda Boulevard, Van Nuys, CA. |
| THREE | 8/26/2015 | SYLVIA | $500 unauthorized cash withdrawal from the account of Bank of America customer H.L. via a Bank of America ATM located at 4975 Melrose Avenue, Hollywood, CA. |

| COUNT | DATE | DEFENDANTS | ACT |
|-------|------|------------|-----|
| FOUR | 8/26/2015 | WINSTON, SYLVIA, and RYAN | $200 unauthorized cash withdrawal from the account of Bank of America customer E.G.L. via a Bank of America ATM located at 4975 Melrose Avenue, Hollywood, CA. |
| FIVE | 8/31/2015 | RYAN | $400 unauthorized cash withdrawal from the account of Bank of America customer F.S. via a Bank of America ATM located at 22004 Sherman Way, Canoga Park, CA. |
| SIX | 8/31/2015 | RYAN | $700 unauthorized cash withdrawal from the account of Bank of America customer R.V. via a Bank of America ATM located at 951 N. Avalon Boulevard, Wilmington, CA. |
| SEVEN | 9/01/2015 | RYAN | $200 unauthorized cash withdrawal from the account of Bank of America customer S.S.D. via a Bank of America ATM located at 1603 Hawthorne Boulevard, Redondo Beach, CA. |
| EIGHT | 9/12/2015 | WINSTON | $300 unauthorized cash withdrawal from the account of Bank of America customer P.B.R. via a Bank of America ATM located at 5440 Topanga Canyon Boulevard, Woodland Hills, CA. |
| NINE | 9/18/2015 | SYLVIA | $700 unauthorized cash withdrawal from the account of Bank of America customer G.G.G. via a Bank of America ATM located at 13700 Riverside Drive, Sherman Oaks, CA. |
| TEN | 9/18/2015 | SYLVIA | $400 unauthorized cash withdrawal from the account of Bank of America customer D.K.P. via a Bank of America ATM located at 5959 Canoga Avenue, Woodland Hills, CA. |

| COUNT | DATE | DEFENDANTS | ACT |
|-------|------|------------|-----|
| ELEVEN | 9/26/2015 | RYAN | $100 unauthorized cash withdrawal from the account of Bank of America customer C.E.M. via a Bank of America ATM located at 518 S. Long Beach Boulevard, Compton, CA. |
| TWELVE | 9/28/2015 | WINSTON and RYAN | $500 unauthorized cash withdrawal from the account of Bank of America customer F.R.R. via a Bank of America ATM located at 3320 W. Olympic Blvd., Los Angeles, CA. |
| THIRTEEN | 10/02/2015 | SYLVIA | $200 unauthorized cash withdrawal from the account of Bank of America customer A.C.O. via a Bank of America ATM located at 17445 Bellflower Boulevard, CA. |
| FOURTEEN | 10/20/2015 | RYAN | $500 unauthorized cash withdrawal from the account of Bank of America customer G.C. via a Bank of America ATM located at 8564 S. Broadway, Los Angeles, CA. |
| FIFTEEN | 10/25/2015 | RYAN | $800 unauthorized cash withdrawal from the account of Bank of America customer G.T. via a Bank of America ATM located at 3615 S. La Brea Avenue, Los Angeles, CA. |
| SIXTEEN | 10/27/2015 | RYAN | $500 unauthorized cash withdrawal from the account of Bank of America customer D.L.E. via a Bank of America ATM located at 8564 S. Broadway, Los Angeles, CA. |
| SEVENTEEN | 1/14/2016 | WINSTON | $800 unauthorized cash withdrawal from the account of Bank of America customer I.R.F. via a Bank of America ATM located at 7255 Woodman Avenue, Van Nuys, CA. |

COUNT EIGHTEEN

[18 U.S.C. § 1028A(a)(1)]

On or about August 26, 2015, in Los Angeles County, within the Central District of California, defendant JAHMAL THEODIS WINSTON knowingly used, without lawful authority, means of identification that defendant WINSTON knew belonged to another person, namely, the ATM card PIN and, in conjunction therewith, the ATM card and its encoded card and account numbers, of Bank of America customer E.G.L., during and in relation to the commission of bank fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Four of this Indictment.

1    COUNT NINETEEN

2    [18 U.S.C. § 1028A(a)(1)]

3        On or about August 31, 2015, in Los Angeles County, within the

4    Central District of California, defendant LAMAR NOLAN RYAN knowingly

5    used, without lawful authority, means of identification that

6    defendant RYAN knew belonged to another person, namely, the ATM card

7    PIN and, in conjunction therewith, the ATM card and its encoded card

8    and account numbers, of Bank of America customer R.V., during and in

9    relation to the commission of bank fraud, a felony violation of Title

10   18, United States Code, Section 1344(2), as charged in Count Six of

11   this Indictment.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        COUNT TWENTY

2      [18 U.S.C. § 1028A(a)(1)]

3        On or about October 2, 2015, in Los Angeles County, within the

4   Central District of California, defendant ANTHONY WEBBER SYLVIA, also

5   known as "Anthony Webber Sylvia Benning," knowingly used, without

6   lawful authority, means of identification that defendant SYLVIA knew

7   belonged to another person, namely, the ATM card PIN and, in

8   conjunction therewith, the ATM card and its encoded card and account

9   numbers, of Bank of America customer A.C.O., during and in relation

10  to the commission of bank fraud, a felony violation of Title 18,

11  United States Code, Section 1344(2), as charged in Count Thirteen of

12  this Indictment.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), and Title 28, United States Code, Section 2461(c), in the event of the defendants LAMAR NOLAN RYAN, ANTHONY WEBBER SYLVIA, also known as "Anthony Webber Sylvia Benning," and JAHMAL THEODIS WINSTON's conviction of the offenses set forth in any of Counts One through Seventeen of this Indictment.

2.    The defendants, if so convicted, shall forfeit to the United States of America the following:

        (a)   All right, title, and interest in any and all property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of any such offense; and

        (b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), the defendants, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendants, the property described in the preceding paragraph, or any portion thereof:
(a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has

1   been placed beyond the jurisdiction of the Court; (d) has been

2   substantially diminished in value; or (e) has been commingled with

3   other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982, 1028; 28 U.S.C. § 2461(c)]

1.     Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982 and 1028, and Title 28, United States Code, Section 2461(c), in the event of the defendants LAMAR NOLAN RYAN, ANTHONY WEBBER SYLVIA, also known as "Anthony Webber Sylvia Benning," and JAHMAL THEODIS WINSTON's conviction of the offenses for which they are charged, respectively, in Counts Eighteen through Twenty of this Indictment.

2.     The defendants, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any and all property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense;

(b)   Any personal property used or intended to be used to commit the offense; and

(c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.     Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b) and 1028(g), the defendants, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendants, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due

1   diligence; (b) has been transferred, sold to, or deposited with a

2   third party; (c) has been placed beyond the jurisdiction of the

3   Court; (d) has been substantially diminished in value; or (e) has

4   been commingled with other property that cannot be divided without

5   difficulty.

6                                           A TRUE BILL

7

8                                           _____/s/_____
                                            Foreperson

9   TRACY L. WILKISON
    Attorney for the United States,
10  Acting Under Authority Conferred
    by 28 U.S.C. § 515

11

12  *Brandon Fox*

13
    BRANDON D. FOX
14  Assistant United States Attorney
    Chief, Criminal Division
15
    BENJAMIN R. BARRON
16  Assistant United States Attorney
    Chief, Santa Ana Branch Office
17
    JENNIFER L. WAIER
18  Assistant United States Attorney
    Deputy Chief, Santa Ana Branch
19  Office

20  ROBERT J. KEENAN
    Assistant United States Attorney
21  Santa Ana Branch Office

22

23

24

25

26

27

28

13